IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JOSEPH Y NAPARSTEK, on behalf of himself
and the class defined herein,

        Plaintiff,

v.

ATLANTIC CREDIT & FINANCE, INC

        Defendant.

-----------------------------------------------------------X

11 CIV 0457

**CLASS ACTION
COMPLAINT**

JURY TRIAL DEMANDED

*RECEIVED JAN 21 2011 U.S.D.C. S.D.N.Y. CASHIERS*

Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his complaint against the defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Atlantic Credit & Finance, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367 and 28 U.S.C. §1391.

4.     Venue and personal jurisdiction in this District are proper because:

a.  Defendant does business within this District.

## PARTIES

5.  Plaintiff, Joseph Y Naparstek ("Naparstek"), is an individual who resides in South Carolina.

6.  Defendant, Atlantic Credit & Finance, Inc. ("Atlantic"), is a corporation chartered under Virginia law with offices at 2727 Franklin Rd. SW, Roanoke, Virginia, 24012.

7.  Upon information and belief, Atlantic is a corporation engaged in the business of purchasing and collecting debts that are in default and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

8.  On or about September 16th, 2010 plaintiff received a letter on behalf of Atlantic attempting to collect a debt. See Exhibit A.

9.  In sending Exhibit A, Atlantic sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

10. Exhibit A states "Failure to resolve the outstanding balance within 30 days may result in Atlantic Credit & Finance Inc seeking its legal remedies."

11. Exhibit A states "This notice should not be construed as a thirty (30) day grace period. Creditor may pursue collection efforts immediately and not wait thirty (30) days."

12. Exhibit A is a standard form document.

13. More than 100 examples of Exhibit A have been sent out during the last 12 months.

14. Exhibit A is sent out with the knowledge and consent of defendant.

15. Documents in the form represented by <u>Exhibit A</u> are regularly sent to collect delinquent debts.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein.

17. <u>Exhibit A</u> violates 15 U.S.C. §§1692, 1692e and 1692g.

18. Section 1692e entitled False or Misleading Representations provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692g entitled Validation of Debts provides:

> (2) If the consumer notifies the debt collector in writing within the thirty-day period..... that the debt is disputed.... the debt collector shall cease collection of the debt.... until the debt collector obtains verification of the debt.... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt....

19. By sending Exhibit A, Atlantic violated the above quoted provisions of the statute because it failed to advise the consumer that if the consumer disputes the debt, collection of the debt will be ceased.

20. Consumers would believe that even if they dispute the debt, they can still be sued prior to the debt being verified, thereby causing them to waive their rights to dispute the debt.

21. The consumer's right to dispute the debt is overshadowed or inconsistent with Atlantic conveying its right to pursue collection efforts immediately and not having to wait 30 days, without clarification that Atlantic's rights do not trump the consumer's rights.

22. Atlantic is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

24. The class consists of (a) all individuals (b) with a United States address (c) who have received a letter in the form of Exhibit A (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

25. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

26. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
January 21, 2011

The Law Offices of Shimshon Wexler, PC

By: _____
Shimshon Wexler (SW0770)
Attorney for Plaintiff
2664 Broadway
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

_____
Shimshon Wexler

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler