UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH Y NAPARSTEK, on behalf of himself
and the class

                Plaintiff,

    v.

ATLANTIC CREDIT & FINANCE, INC.

                Defendant.
------------------------------------------------------------X

Case No. 11-cv-0457(AKH)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. §1406, FRCP 12(b)(3), and 28 U.S.C. §1404

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................... II

TABLE OF AUTHORITIES ............................................................... IV

INTRODUCTION ................................................................................ 1

I. ATLANTIC IS IN CLEAR VIOLATION OF THE FDCPA BASED ON THE TEXT OF THE LETTER ITSELF ....................................................... 2

    PLAINTIFF IS A CONSUMER ...................................................... 3

    ATLANTIC IS A DEBT COLLECTOR AS DEFINED BY THE FDCPA............................. 3

    THE FDCPA WAS VIOLATED BY ATLANTIC IN COLLECTING THIS DEBT .............. 5

II. THIS CASE SHOULD NOT BE DISMISSED FOR IMPROPER VENUE ...... 7

III. DEFENDANT'S MOTION TO TRANSFER VENUE SHOULD BE DENIED ........................................................................................... 11

    PLAINTIFF'S CHOICE OF FORUM AND RELATIVE MEANS OF THE PARTIES (FACTORS 6 AND 8) ................................................................................. 12

    THE FORUM'S FAMILIARITY WITH THE GOVERNING LAW (FACTOR 7)................................... 13

    CONVENIENCE OF THE WITNESSES AND PARTIES, THE AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES AND LOCUS OF OPERATIVE FACTS (FACTOR 1,3,4 AND 5)................................................................................... 14

    LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF (FACTOR 2) ......................................................................... 15

    TRIAL EFFICIENCY AND THE INTERESTS OF JUSTICE, BASED UPON THE TOTALITY OF THE CIRCUMSTANCES (FACTOR 9) .................................................................... 16

**CONCLUSION** .......................................................................................... **16**

TABLE OF AUTHORITIES

## Cases

<u>Aguiar v. Natbony</u>

    2011 U.S. Dist. LEXIS 52021 (S.D.N.Y) .............................................................15

<u>AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1</u>

    675 F. Supp. 2d 354 (S.D.N.Y. 2009)................................................................15

<u>Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am.</u>

    474 F. Supp. 2d 474 (S.D.N.Y. 2007)...............................................................16

<u>Austin v. International Brotherhood of Teamsters-Airline Div.</u>

    739 F. Supp. 206 (S.D.N.Y. 1990) ...................................................................14

<u>Bartlett v. Heibl</u>

    128 F.3d 497 (7th Cir. 1997)............................................................................. 6

<u>Brown v. Rochester Super 8 Motel</u>

    899 F. Supp. 151 (SDNY)................................................................................. 9

<u>Burger King Corp. v. Rudzewicz</u>

    471 U.S. 462 (1985) ........................................................................................ 8

<u>Capitol Records, Inc. v. Kuang Dyi Co. of RM</u>

    2004 U.S. Dist. LEXIS 3305 (S.D.N.Y.)..........................................................13

<u>Chase Home Fin. LLC</u>

    2011 U.S. Dist. LEXIS 28851............................................................................13

<u>Ellis v Solomon & Solomon, P.C.</u>

    591 F.3d 130 (2d Cir. 2010)............................................................................. 6

iv

ESPN, Inc. v. Quiksilver, Inc.

    581 F. Supp. 2d 542 ........................................................................................12

Fellus v. Sterne, Agee & Leach, Inc.

    2011 U.S. Dist. LEXIS 33704 (S.D.N.Y.) ................................................. 13, 15

Friedman v. Revenue Management of New York, Inc.

    839 F. Supp. 203 (SDNY)................................................................................ 9

FTC v. Check Investors, Inc.

    502 F.3d 159 .................................................................................................... 4

Greco v. Trauner, Cohen & Thomas, L.L.P.

    412 F.3d 360, 363 (2d Cir. 2005)................................................................... 6

Gulf Insurance Co. v. Glasbrenner

    417 F.3d 353 (2d Cir. 2005) .......................................................................... 9

Helicopteros Nacionales De Colombia, S.A. v. Hall

    466 U.S. 408, 415-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)................... 10

Hoffritz for Cutlery, Inc. v. Amajac, Ltd.

    763 F.2d 55, 57-58 (2d Cir. 1985) ................................................................ 9

Kolker v Duke City Collection Agency

    750 F. Supp. 468 (D.N.M. 1990)................................................................... 3

KPMG Consulting, Inc. v. LSQ II, LLC

    2002 U.S. Dist. LEXIS 12783 (S.D.N.Y.) ....................................................15

Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.

    918 F.2d 1039, 1043 (2d Cir. 1991) .............................................................. 10

Orb Factory, Ltd. v. Design Science Toys, Ltd.

6 F. Supp. 2d 203 (S.D.N.Y. 1998)............................................................12

Savino v. Computer Credit

164 F.3d 81 (2d cir. 1998)............................................................... 7

Sclosser v. Fairbanks Capital Corp.

323 F.3d 534 ............................................................................ 4

Simon v. Ward

80 F. Supp. 2d 464 (E.D. Pa. 2000) ................................................ 11

Stinnes Interoil, Inc. v. Apex Oil Co.

604 F. Supp. 978 (S.D.N.Y. 1985)................................................13

Tauza v. Susquehanna Coal Corp.

220 N.Y. 259, 267, 115 N.E. 915 (1917) (Cardozo, J.) .................................. 10

Transatlantic Reinsurance Co. v. Continental Ins. Co.

2003 U.S. Dist. LEXIS 20933 (S.D.N.Y. Nov. 20, 2003) ..............................14

United States of America v. Kanner

2008 U.S. Dist. LEXIS 108345 (N.D. Iowa 2008) ......................................... 11

## INTRODUCTION

Plaintiff sued the defendant for violating the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Defendant, Atlantic Credit & Finance, Inc. ("Atlantic"), is a Virginia corporation and is a major purchaser of accounts that have been written off by credit card grantors. Atlantic buys these accounts at a steep discount to their face value and then seeks to collect the entire amount. Atlantic operates throughout the United States including with a significant presence in New York's Southern District. Atlantic has previously been sued and defended itself in an action brought in the Southern District. Atlantic defends actions brought against it in United States District Court's located throughout the entire country.

Under the FDCPA statutory scheme, a buyer of defaulted debts such as Atlantic is subject to the FDCPA. Atlantic frequently employs attorneys to collect accounts on its behalf. The account in this case was collected in a way that violated the Fair Debt Collection Practices Act. Under the established concept of vicarious liability, Atlantic is responsible for the actions of a law firm that it employs. At this point, despite Atlantic's bald assertions to the contrary, the letter in question may have been drafted by Atlantic and sent to consumers nationwide.

Atlantic has answered the complaint February 25, 2011 and raised the defense of improper venue. Now, nearly four months after the complaint was filed, Atlantic moves to dismiss the case for improper venue or alternatively transfer venue in this case. Atlantic does not provide a trace of evidentiary support in support of their motion rather Atlantic relies completely on conclusory arguments and bare assertions. Atlantic ignores

the fact that it has numerous agents or law firms that it employs within the Southern District of New York in order to collect the debts that it has bought. Further, Atlantic is subject to personal jurisdiction in the United States District Court for the Southern District of New York because it files thousands of lawsuits against consumers within this jurisdiction. Atlantic also ignores the clear language in the statute which states that venue is proper in any judicial district in which Atlantic would be subject to personal jurisdiction at the time the action is commenced.

POINT I

ATLANTIC IS IN CLEAR VIOLATION OF THE FDCPA BASED ON THE TEXT OF THE LETTER ITSELF

Atlantic's memorandum of law is filled with naked assertions as to the evidence that will be required in this case but in fact all the court needs to decide this case is the letter that was sent to the plaintiff attached to this memorandum of law as Exhibit A. Plaintiff would have already moved for summary judgment at this point as to an FDCPA violation by Atlantic but has not done so because of the ruling in the case of Knight v. National Debt Collectors, Inc., 2008 US Dist. LEXIS 52397 (Judge Hellerstein), where the case was brought as a class action but resolved in favor of the plaintiff before the class was certified and the class allegations were stricken. Plaintiff has not yet had the opportunity to conduct discovery to ascertain the number of letters sent and the net worth of Atlantic.

This case meets the essential three requirements to establish an FDCPA violation: (1) the plaintiff is the consumer who allegedly owes the debt or a person who has been

2

the object of efforts to collect a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined by the FDCPA, and (3) the defendant has engaged in any act or omission in violation of the prohibition or requirements of the law. <u>Kolker v Duke City Collection Agency</u>, 750 F. Supp. 468,469(D.N.M. 1990).

## PLAINTIFF IS A CONSUMER

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Plaintiff's account was a consumer credit card account.

## ATLANTIC IS A DEBT COLLECTOR AS DEFINED BY THE FDCPA

The FDCPA defines "Debt Collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)

Here, Atlantic admittedly bought the debt after it was in default. So while it might be an owner of the debt, it is still a debt collector as defined by the FDCPA and therefore obligated to adhere to the statute's guidelines. "[T]he Act treats assignees as debt

3

collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Sclosser v. Fairbanks Capital Corp.,323 F.3d 534. The court in FTC v. Check Investors, Inc., 502 F.3d 159 explained that in defining who an FDCPA defined debt collector is: "pursuant to 1692a, Congress has unambiguously directed our focus to the time the debt was acquired in determining whether one is acting as a creditor or debt collector under the FDCPA. The legislative history explains the wisdom of that provision. The term "debt collector," subject to the exclusions discussed below, was intended to cover all third persons who regularly collect debts. "The primary persons intended to be covered are independent debt collectors." S. Rep. No. 95-382, at 2, 1997 U.S.C.A.A. at 1697. The Senate Committee explained that the FDCPA was limited to third-party collectors of past due debts because, unlike creditors, "who generally are restrained by the desire to protect their good will when collecting past due accounts," independent collectors are likely to have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them."

Atlantic is also vicariously liable for the actions of its attorney's in trying to collect the debt. The court accurately summed up the rule regarding vicarious liability in Price v. Brock & Scott, PLLC, 2011 U.S. Dist. LEXIS 38275 in which it quoted from Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404-05 (3d Cir. 2000) by saying:
"[T]here are cases supporting the notion that an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf. In Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994), the court indicated that a company which had been asked to collect a

4

defaulted debt could be held vicariously liable for its attorney's conduct which was in violation of the FDCPA. By contrast, in Wadlington [v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996)], the Court of Appeals for the Sixth Circuit declined to impose vicarious liability on a company for the actions of its attorney . . . [where] the company itself did not meet the definition of "debt collector" . . . . The Wadlington court specifically distinguished Fox because in Fox the entity allegedly vicariously liable for the attorney's conduct was itself a debt collector. The rule to be gleaned from Fox and Wadlington . . . [is] that the client of an attorney who is a 'debt collector,' as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6)." (Some citations and quotation marks omitted). In this case, Atlantic carried out its collection activities through collection law firms which are subject to the FDCPA, therefore, Atlantic is liable for the law firm's FDCPA violations whether or not it drafted or participated in the drafting of the letter in question.

## THE FDCPA WAS VIOLATED BY ATLANTIC IN COLLECTING THIS DEBT

The FDCPA gives certain rights to consumers. Among these rights is the ability to dispute the validity of the alleged debt within 30 days. See 1692g(a). The right to dispute the debt is a very powerful tool for a debtor as a collector can no longer engage in collection activities once the debt is disputed and before verification is provided. See 1692g(b). When Congress amended the FDCPA in 2006, it adopted and codified the

5

Second Circuit's approach about the disclosure requirement. Section 1692g(b) now provides: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." Further, the FDCPA is a strict liability statute and a single violation entitles. Ellis v Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010).

Whether collection activities or communications within the validation period overshadow or are inconsistent with a validation notice is determined under the "least sophisticated consumer" standard. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) The assertion by a law firm that it may sue within one week along with giving the consumer 30 days to dispute the debt violated the FDCPA because, absent explanation, it contradicted the verification notice. "[The consumer] might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish." Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) In this case, the letter stated "This notice should not be construed as a thirty (30) day grace period. [Atlantic] may pursue collection efforts immediately and not wait thirty (30) days." Clearly, Atlantic is strongly implying or even contradicting the consumer's right to request validation during the thirty day period and the consumer's right to have the validation provided before a lawsuit is commenced.

In addition, the letter contained the statement "Failure to resolve the outstanding balance within 30 days may result in ATLANTIC CREDIT & FINANCE, INC. seeking its legal remedies." In light of this statement in the letter, the least sophisticated consumer

6

would not understand that he has the right to dispute the debt within thirty days and have collections ceased until verification is provided. In <u>Savino v. Computer Credit</u>, 164 F.3d 81 (2d cir. 1998), the court stated "CCI's violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt. CCI could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language." The court explained that transitional language would be a simple statement such as "Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you." A similar statement could have been made in this case but it was not. Therefore, Atlantic is liable for the violations in the letter sent to plaintiff.

POINT II

<u>THIS CASE SHOULD NOT BE DISMISSED FOR IMPROPER VENUE</u>

Venue in this district is proper under 28 U.S.C. 1391(b)(1). The statute's relevant portion states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

7

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Hence, the statute clearly states in (b)(1) that in a case such as this one, which arises from a federal statute, venue is proper in any judicial district where any defendant resides if all defendants reside in the same state. As Atlantic is the only defendant in this case, the only question remaining is whether Atlantic resides in this state. In part (c), the statute unequivocally answers the question in the affirmative: "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." An online search of the New York State Unified Court System reveals that Atlantic has filed thousands of lawsuits within the boundaries of the United States District Court for the Southern District of New York. Because of this, Atlantic is clearly subject to personal jurisdiction in this court and venue is proper. The Supreme Court in <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985) states concerning whether personal jurisdiction is present that "[T]he constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State." Atlantic has not argued that it is not subject to personal jurisdiction in this court.

Atlantic cites 3 cases in support of its motion to transfer venue. However, none of the cases cited stand for the proposition that venue in this district is improper.

8

The cases cited by defendant of <u>Friedman v. Revenue Management of New York, Inc.</u>, 839 F. Supp. 203 (SDNY) and <u>Brown v. Rochester Super 8 Motel</u>, 899 F. Supp. 151 (SDNY), are inapposite to the present case. Both of those cases involved multiple defendants where some of the defendants did not reside within the Southern District of New York as defined by the venue statute, while in our case, Atlantic which is the only defendant does reside within the Southern District. In addition, in the <u>Brown</u> decision the indication from the court is that the only 2 hotels that the company operated were in the Western District of New York and the company had no dealings with the Southern District of New York. This is unlike our case where Atlantic files thousands of lawsuits against consumers within the confines of the United States District Court for the Southern District of New York.

The third case cited by the defendant of <u>Gulf Insurance Co. v. Glasbrenner</u>, 417 F.3d 353 (2d Cir. 2005) discusses a case where venue was being asserted pursuant to part (b)(2) of the statute. In this case, venue is being asserted pursuant to part (b)(1) of the statute. Therefore, the analysis in that case is inapplicable to this case where venue arises from a different provision of the statute.

Under New York law, Atlantic may be subject to personal jurisdiction if it is "doing business" in the Southern District of New York. See N.Y.C.P.L.R. § 301; <u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd.</u>, 763 F.2d 55, 57-58 (2d Cir. 1985) (noting that C.P.L.R. § 301 "keeps alive the case law existing prior to its enactment, which provided that a corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts"). Atlantic may be found to be subject to general personal jurisdiction if it

9

"is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1991) To sustain this finding, Atlantic must do business in the Southern District "not occasionally or casually, but with a fair measure of permanence and continuity." Tauza v. Susquehanna Coal Corp., 220 N.Y. 259, 267, 115 N.E. 915 (1917) (Cardozo, J.) (quoted in Landoil Resources Corp. v. Alexander). The factors considered in this determination include "the existence of an office in [the Southern District]; the solicitation of business in [the Southern District]; the presence of bank accounts or other property in [the Southern District]; and the presence of employees or agents in [the Southern District]." Landoil Resources Corp. v. Alexander.

The federal due process analysis requires a finding that Atlantic's contacts with the Southern District are sufficient such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." In order to sustain a finding of general jurisdiction in the Southern District, Kingdom's contacts must be "continuous and systematic." Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).

Application of these principles to Atlantic's activities in the Southern District indisputably supports a finding of personal jurisdiction, and therefore venue, in this court. An online search reveals that Atlantic sues thousands of consumers within the confines of the Southern District of New York. Presumably, Atlantic owns tens of thousands of accounts of consumers who reside within this district. Atlantic's attorneys that it uses to sue consumers are located within this district such as Goldman &

Warshaw, P.C. Thus, pursuant to C.P.L.R. § 301, Atlantic is undoubtedly doing business in the Southern District, which subjects it to personal jurisdiction. Furthermore, its contacts with the Southern District are continuous and systematic, thus satisfying the requirements of Due Process. Accordingly, venue, for Atlantic, is likewise proper in the Southern District.

## POINT III

### DEFENDANT'S MOTION TO TRANSFER VENUE SHOULD BE DENIED

Atlantic alternatively has moved to transfer the case to either Virginia or South Carolina. For the reasons that follow the court should deny that request as well.

At the outset it should be noted that Atlantic has failed to provide any evidence to support its motion. It has failed to include affidavits, depositions, stipulations or other documents. Defendant has failed to ask the court to take judicial notice of any facts nor asked for a hearing at which to present evidence. Defendants have utterly failed to carry their burden of proving that venue should be transferred. See United States of America v. Kanner, 2008 U.S. Dist. LEXIS 108345 (N.D. Iowa 2008) citing Simon v. Ward, 80 F. Supp. 2d 464 (E.D. Pa. 2000) (denying transfer of case for failure to provide evidence as to why a transfer is warranted).

The inquiry on a motion to transfer is two-fold. The court must first determine whether the action sought to be transferred is one that "might have been brought" in the transferee court. Second, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203 (S.D.N.Y. 1998).

11

As to the first query, plaintiff does not dispute that the Virginia Western District Court or the South Carolina District Court is a district where the action might have originally been brought. Therefore, it is only the second inquiry that requires examination.

As to the second query, "courts in this Circuit look to eight factors: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based upon the totality of the circumstances. There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance is essentially an equitable task left to the Court's discretion." However, plaintiff's choice of forum should be accorded deference in the event that other factors do not weigh strongly in favor of transfer. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed (internal quotations and citation omitted)." ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542.

### Plaintiff's Choice of Forum and Relative Means of the Parties (Factors 6 and 8)

The plaintiff's choice of forum is accorded great weight and must be deferred to unless the balance of conveniences strongly favors the defendant. Capitol Records, Inc. v. Kuang Dyi Co. of RM, 2004 U.S. Dist. LEXIS 3305 (S.D.N.Y.). Plaintiff's choice of

12

forum is to be respected whenever a transfer would merely shift the inconveniences from one party to another. Stinnes Interoil, Inc. v. Apex Oil Co., 604 F. Supp. 978, 983 (S.D.N.Y. 1985). Plaintiff agrees with Atlantic that "when the plaintiff is not a resident of the chosen forum, his or her preference is due less weight" but does not agree with Atlantic's nonsensical conclusion that "because it is clear that the only reason why this action was commenced in this district is because plaintiff's counsel is licensed here, according to, Walton v. Chase Home Fin. LLC, 2011 U.S. Dist. LEXIS 28851, the preference must be disregarded altogether." Walton merely restated the unremarkable concept that location and convenience of counsel is not a factor in a venue motion. Walton did not say that a plaintiff's choice of forum is completely disregarded in an instance where plaintiff chooses a convenient place for his or her counsel.

Further, Atlantic, according to its website, www.atlanticcreditfinance.com, states that it manages in excess of 8 billion dollars in debt. Plaintiff is being pursued by Atlantic for a charged off credit card account. Hence, plaintiff may not be able to afford counsel to bring this claim on his behalf if this case is transferred. Plaintiff has been able to retain current counsel because current counsel will only get paid if he is successful in this action. " The relative means of the parties also weighs against transfer because [plaintiff] is an individual whereas [defendant] is a corporation." Fellus v. Sterne, Agee & Leach, Inc., 2011 U.S. Dist. LEXIS 33704 (S.D.N.Y.).

### The Forum's Familiarity with the Governing Law (Factor 7)

The analysis of a court's familiarity with governing law is usually reserved for motions to transfer an action involving state law claims to a court that may have more

13

familiarity with the applicable state law. <u>Transatlantic Reinsurance Co. v. Continental</u> <u>Ins. Co.</u>, 2003 U.S. Dist. LEXIS 20933 (S.D.N.Y. Nov. 20, 2003). This action is entirely based on federal law and therefore this factor is neutral.

<u>Convenience of the Witnesses and Parties, The Availability of Process to Compel</u>
<u>Attendance of Unwilling Witnesses and Locus of Operative Facts (Factor 1,3,4 and 5)</u>

As to the factors of convenience of the witnesses and the parties, Atlantic makes a broad statement that "the witnesses are all located in either defendant's headquarters in Virginia, or in South Carolina." Defendant does not indicate the names of the witnesses or what they would be testifying about therefore they have not carried their heavy burden of showing that this factor weighs in favor of having the action transferred because of this factor. Furthermore, Atlantic does not specify the materiality of the testimony of the "probable" witnesses, nor whether their presence would be necessary for trial. Indeed, "deposition testimony is an available alternative to live testimony." <u>Austin v. International Brotherhood of Teamsters-Airline Div.</u>, 739 F. Supp. 206 (S.D.N.Y. 1990).

"When a party seeks to transfer on account of the convenience of witnesses under § 1404(a), [it] must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. [Atlantic], as movant, should have identified specific witnesses that are inconvenienced by this forum. Instead, [movant] makes a vague reference to its witnesses that is too general to support transfer. Vague generalizations and failure to clearly specify the key witnesses to be called . . . are an insufficient basis upon which to grant a change of venue under § 1404(a). Therefore, the

14

inconvenience of [movant's] witnesses is not a factor that can be considered in this motion. (internal quotations and citation omitted)." KPMG Consulting, Inc. v. LSQ II, LLC, 2002 U.S. Dist. LEXIS 12783 (S.D.N.Y.). "The party seeking transfer based on the convenience of witnesses must provide a list of probable witnesses who would be inconvenienced without the transfer. [Movant] has not identified any such witnesses. Therefore, the convenience of witnesses is a neutral factor." Fellus v. Sterne.

The availability of process to compel the attendance of witnesses is a neutral factor here because neither party has identified a witness who would be unwilling to testify without compulsion. AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1, 675 F. Supp. 2d 354 (S.D.N.Y. 2009) Defendants have not produced affidavits or other evidence indicating that any of their anticipated witnesses are unwilling to testify, and — in the event that out-of-state witnesses refuse to testify — deposition testimony is an acceptable alternative. Therefore, this factor is neutral. Aguiar v. Natbony, 2011 U.S. Dist. LEXIS 52021 (S.D.N.Y).

The same reasoning applies to the locus of operative facts. Without proper evidence before this court, it cannot be determined where the locus of operative facts occurred, which as the defendant states such a place would be where the "key decisions regarding the generation of the debt collection communication" at issue took place. Therefore, this factor is neutral being that there is no evidence before the court.

### Location of Relevant Documents and the Relative Ease of Access to Sources of Proof (Factor 2)

The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents. Defendant has indicated no special facts that

15

would make this factor weigh in its favor. <u>Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am.</u>, 474 F. Supp. 2d 474 (S.D.N.Y. 2007). As stated in point <u>I</u> above, plaintiff's case is about a letter which on its face violates the FDCPA. The court should judge this factor as neutral in the absence of more information about why it would be so difficult for Atlantic to send the documents into this district. Atlantic has defended FDCPA actions throughout the United States  Furthermore, Atlantic has not explained why it would be more convenient to send its documents to South Carolina than to New York.

### Trial Efficiency And The Interests of Justice, Based Upon the Totality of the Circumstances (Factor 9)

This factor weighs in favor of keeping the action in the Southern District of New York. Plaintiff points out that Atlantic waited nearly four months after the case was filed to make its venue motion and FDCPA claims have a short 1 year statute of limitations. Defendant has not specifically addressed this point.

### CONCLUSION

Atlantic has not shouldered their heavy burden to warrant disturbing plaintiff's venue choice and Atlantic's motion to dismiss or alternatively transfer venue should be denied.

16

Respectfully Submitted,

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2FL
New York, New York 10025
(212) 760-2400
(917) 512-6132 (fax)