UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOSEPH Y NAPARSTEK, on behalf of himself and :
the class defined herein,                                                    :       **ORDER GRANTING MOTION TO**
                                                                                          :       **TRANSFER**
                              Plaintiff,         :
                                                                                          :       11 Civ. 457 (AKH)
       -against-                                                   :
                                                                                          :
ATLANTIC CREDIT & FINANCE, INC.,            :
                                                                                          :
                              Defendant.    :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Atlantic Credit & Finance, Inc. moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff Joseph Naparstek's Complaint, and in the alternative to transfer the action under 28 U.S.C. § 1406 or 28 U.S.C. § 1404. For the reasons that follow, the motion to transfer is granted. The case is transferred to the United States District Court for the District of South Carolina.

        Atlantic is a company that purchases debts in default and collects on them; it is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Atlantic is a Virginia corporation with a principal place of business in Roanoke, Virginia. To effectuate its collections, Atlantic frequently hires third-party agencies and law firms in different parts of the United States. Relevant here, Atlantic retained the law firm Richardson, Plowden & Robinson, P.A, a South Carolina firm, to collect debts held by Atlantic against South Carolina residents. The law firm sent notices of debt collection to debtor South Carolinians, including Naparstek. Naparstek alleges that this letter contained language that violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. His one-count Complaint seeks to collect statutory damages under 15 U.S.C. § 1692k and to represent a class of similarly-situated South Carolina debtors under Federal Rule of Civil Procedure 23.

1

On January 27, 2011, Naparstek filed his putative class-action Complaint in the Southern District of New York, alleging federal-question jurisdiction under 28 U.S.C. § 1331 and contending that venue is appropriate here because "Defendant does business within this District." Compl. ¶ 4a. Atlantic moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) for lack of proper venue; and alternatively to transfer the case under 28 U.S.C. § 1404 or § 1406 to the United States District Court for either the Western District of Virginia or the District of South Carolina.

In its motion to dismiss, Atlantic contends that none of the tests for venue set forth in 28 U.S.C. § 1391(b) are satisfied.[1] Naparstek opposes this motion by alleging in his briefing that Atlantic has systematically pursued its debt collections in New York by filing thousands of lawsuits against debtors in this state, and thus has presented itself in New York in a manner that makes venue appropriate under § 1392(b)(1). Naparstek has not filed an appropriate affidavit in support of this contention and his Complaint is devoid of allegations that could support it. He has thus failed to satisfy his burden of establishing venue in the Southern District of New York. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

Though venue has not been shown to be proper in this district, this Court enjoys discretion to transfer the case under 28 U.S.C. § 1406, rather than dismiss it outright. E.g., Insight Data Corp. v. First Bank Sys., Inc., 97 Civ. 4896, 1998 WL 146689, at *7 (S.D.N.Y.

---

[1] Under 28 U.S.C. § 1391(b), in any "civil action wherein jurisdiction is not founded solely on diversity of citizenship," venue is appropriate only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

When the defendant is a corporation, venue is appropriate in any judicial district in which the corporation is subject to personal jurisdiction. Id. § 1391(c).

2

March 25, 1998). Under 28 U.S.C. § 1406, when a plaintiff fails to demonstrate that venue is appropriate, this Court enjoys "considerable discretion" to transfer it "to any district or division which it could have been brought." Daniel v. Am. Bd. of Emergency Medicine, 428 F.3d 408, 435 (2d Cir. 2005) (quoting 28 U.S.C. § 1406(a)). Such transfers are made "in the interest of justice." Id. Here, the interest of justice compels a transfer to the United States District Court for the District of South Carolina. The Plaintiff, Naparstek, has complained of a debt-collection letter written by a South Carolina agent of Atlantic, which was mailed in South Carolina and which he received in South Carolina. Naparstek seeks to represent a class of South Carolina residents who received the same letter; the evidence and most of the witnesses are therefore in that state. Further, there can be no question that litigating in his home state will pose no substantial burden to Naparstek. For its own part, Atlantic cannot be said to be burdened by a South Carolina forum, for it has asked this Court to transfer the case there.[2] I therefore exercise my discretion to overlook the motion to dismiss, and grant the motion to transfer the case to that court.

As a final matter, even assuming Naparstek could make out venue if given the opportunity, this case would still be ripe for transfer under the parallel transfer statute, 28 U.S.C. § 1404. In a motion to transfer under that statute—which applies when venue is proper in the transferor court—this Court considers the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

---

[2] In the alternative, Atlantic seeks to have the case transferred to the United States District Court for the Western District of Virginia, its home district. None of the operative facts occurred in that district, however, and as between it and the District of South Carolina, the latter is clearly a more appropriate transferee.

3

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quotations omitted). Though the plaintiff's choice of forum is entitled to "great weight," id., the Court enjoys "broad discretion" to decide the motion based on "notions of convenience and fairness on a case-by-case basis," In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992), and may give less deference to a plaintiff's choice of forum if the plaintiff does not have a connection to the forum and the claim does not arise from activities that occurred in the chosen forum, Pollux Holding, LTD. V. Chase Manhattan Bank, 329 F.3d 64, 70-71 (2d Cir. 2003). Here, little deference is owed to Naparstek's choice of forum, for he has not, and likely could not, demonstrate a connection to the Southern District of New York. And, for reasons already described, all the other factors set forth in Gottdiener support a transfer to the District of South Carolina. See 462 F.3d at 106-07; see also Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) (forum where collection notices are received is an appropriate forum under the FDCPA). Accordingly, whether considered under § 1404 or § 1406, the case is ripe for transfer. See Akhta v. Reno, 00 Civ. 566, 2000 WL 280027, at *1 (S.D.N.Y. March 15, 2000) (treating transfer motions under § 1404 and § 1406 together).

Atlantic's motion to dismiss is denied, without prejudice to re-pleading and renewal as permitted by the transferee judge, and its motion to transfer is granted. The Clerk shall terminate the motion (Doc. No. 10); close the case; and transfer the file to the United States District Court for the District of South Carolina.

SO ORDERED.

Dated:     July 13, 2011
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4