UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

-----------------------------------------------------------X

JOSEPH Y. NAPARSTEK, on behalf of himself
and a class of similarly situated individuals,

        Plaintiff,                       Case No.: 11-cv-2026 (RBH)

    v.

ATLANTIC CREDIT & FINANCE, INC.,

        Defendant.
-----------------------------------------------------------X

     Pursuant to Fed. R. Civ. P. 26(f), the parties held a meeting on March 2nd 2012. The following is being submitted jointly in response to Local Rule 26.03:

1.    A short statement of the facts of the case:

     Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §1692g and §1692e by sending Plaintiff a letter that "overshadowed" and was "inconsistent" with his right to dispute the debt within 30 days of receipt of the letter. Plaintiff also claims that Defendant violated §1692e by misleading the consumer into believing that a lawsuit was imminent even if the debt was disputed while the FDCPA requires that a creditor cease collection activities until it provides verification of the debt and only then may it continue with collection activities.

     Plaintiff defined a class consisting of (a) all individuals (b) with a United States address (c) who have a received a letter in the form of Exhibit A [attached to the complaint] (d) on or after a date one year prior to the filing of this action [January 21st 2010] and on or before a date 20 days after the filing of this action [February 11th 2011]. United States District Judge Hellerstein of the Southern District of New York, in issuing his opinion in July, 2011, limited the class definition to debtors in South Carolina.

     Defendant has denied Plaintiff's allegations. Defendant alleges that the notice sent by local counsel complied in all respects with the FDCPA. Defendant alleges that the letter was neither "overshadowing" nor "inconsistent." If the letter does not comply with the FDCPA, Defendant asserts that it is not responsible for the conduct of independent, local counsel.

Defendant has also claimed that plaintiff has failed to state a cause of action. The Defendant will oppose class certification.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:

    a. Parties do not have any names of persons to be deposed or a schedule of planned depositions at this stage.

3. At this time, the parties do not seek to place any limits on discovery. Should the parties seek to designate certain documents as confidential at a later date, the parties may move for entry of a protective order.

4. At this time, the parties are not aware of any issues relating to electronically-stored information or the form in which it is to be produced.

5. There are no discovery issues as to which counsel are unable to reach an agreement at this time.

6. The parties do not anticipate that expert testimony will be given. Should the need for expert testimony arise, the Parties reserve the right to designate such witnesses in accordance with the dates of the Conference and Scheduling Order, docket entry 25.

7. At this time, the parties expect that a trial would take approximately 3 days. A trial by jury has been requested.

    Respectfully submitted,

    /s/ Philip Fairbanks
    Philip Fairbanks  SCDCID # 756

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
2710 Broadway, 2FL
New York, New York 10025
(212) 760-2400
(917) 512-6132 (fax)
Email: swexleresq@gmail.com

Philip Fairbanks
PHILIP FAIRBANKS, ESQ., P.C.
1214 King Street
Beaufort, SC 29902
(843) 521-1580
(843) 521-1590 (fax)
Email: philip@lowcountrybankruptcy.com

We Consent:

/s Thomas W. Bunch, II
Thomas W. Bunch, II [BAR # 1597]
ROBINSON, MCFADDEN & MOORE, P.C.
POST OFFICE BOX 944
COLUMBIA, SC 29202
(803) 779-8900

ATTORNEY FOR DEFENDANT