UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSEPH NAPARTSTEK, *et al.*, ) | CASE NO.: 4:11-cv-02026-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLANTIC CREDIT & FINANCE, INC., ) | **DEFENDANT'S REPLY IN SUPPORT** |
| ) | **OF ITS MOTION FOR JUDGMENT ON** |
| Defendant. ) | **THE PLEADINGS (DOC. 26) AND** |
| ) | **RESPONSE TO PLAINTIFF'S** |
| ) | **MOTION FOR JUDGMENT ON THE** |
| ) | **PLEADINGS (DOC. 27)** |

      Now comes Defendant Atlantic Credit & Finance, Inc. ("Defendant"), by and through counsel, and hereby submits the following Reply in support of its Motion for Judgment on the Pleadings as to All Claims[1] (Doc. 26) and Response to Plaintiff's Motion for Judgment on the Pleadings[2] (Doc. 27). Plaintiff's Motion must be denied and Defendant's Motion must be granted because 1) there is no evidence that Defendant's attorneys, Richardson Plowden, P.A., are "debt collectors" such that vicarious liability applies to Defendant; and 2) if vicarious liability does apply, the letter did not violate the Fair Debt Collection Practices Act ("FDCPA").

**I.      Defendant is not vicariously liable for its attorneys' violations of the FDCPA, if any.**

      15 U.S.C. § 1692a(6) of the FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1] References to Defendant's Motion for Judgment on the Pleadings herein will be cited as "Defendant's Motion."
[2] References to Plaintiff's Motion for Judgment on the Pleadings herein will be cited as "Plaintiff's Motion."

1

In his Complaint, Plaintiff does not identify the name of Defendant's attorneys, Richardson Plowden, P.A., who were responsible for mailing Plaintiff the letter at issue in this case.[3]  *See* Complaint (Doc. 1), generally.  Furthermore, Plaintiff does not allege any facts in the Complaint to support the argument in Plaintiff's Motion that Richardson Plowden is a "debt collector."  *See* Complaint, generally.  Plaintiff has not proved that Richardson Plowden's principal purpose is the collection of debts.  Nor has he proved that Richardson Plowden regularly collects or attempts to collect debts owed or due another.  Although this Court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  Because Plaintiff's Complaint does not assert the legal conclusion that Richardson Plowden is a "debt collector" let alone plead facts to support such a claim, there is no evidence to support the conclusion that Defendant's attorneys are "debt collectors."  Therefore, Defendant cannot be held vicariously liable for their actions and Defendant is entitled to judgment on the pleadings.

In *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996), the Sixth Circuit concluded that a client of an attorney could not be vicariously liable for the attorney's FDCPA violation unless both the attorney and the client were debt collectors under the statute. The court also concluded that it would not be consistent with the statute to hold a company that is *not* a debt collector vicariously liable for the violations of its attorney, who was a debt collector. *Id.*  The Third Circuit has taken this position and ruled that vicarious liability between debt collectors is a "fair result because an entity that is itself a 'debt collector' – and hence subject to the FDCPA – should bear the burden of monitoring the activities of those it enlists to

---

[3] References to the letter here in will be cited as "Richardson Plowden letter."

collect debts on its behalf." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 279, 405-06 (3d Cir. 1980). "[A]n entity that itself falls within the FDCPA's definition of 'debt collector' may be found vicariously liable for unlawful collection activities carried out by another on its behalf." *Sankowski v. Citibank (South Dakota), N.A.*, 2006 WL 2037463, at *2 (E.D. Pa. July 14, 2006). *See also Schutz v. Arrow Financial Services, LLC*, 465 F. Supp. 2d 876 (N.D. Ill. 2006) (agreeing with the *Pollice* court "that a debt collector may be held vicariously liable for the actions of a second debt collector working as an agent for the first"); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994) (debt collection company could be held liable for the conduct of their attorney where both were considered debt collectors under the FDCPA); *First Interstate Bank v. Soucie*, 924 P.2d 1200, 1202 (Colo. App. 1996) (same); *Gary v. Goldman & Co.*, 180 F. Supp. 2d 668 (E.D. Pa. 2002) (recognizing vicarious liability only among debt collectors).

In order for Plaintiff to prevail on his claims, he must prove that Richardson Plowden was a "debt collector." There is neither evidence nor allegation in Plaintiff's Complaint that Richardson Plowden is a "debt collector" such that vicarious liability would pass to Defendant for the conduct of its attorneys. Plaintiff's argument is simply that the District Court for the Southern District of New York ruled that Defendant was a "debt collector," thus it is responsible for its attorneys' conduct. The case law overwhelmingly contradicts this argument because an attorney acting on behalf of his debt collector client must also be a "debt collector" before vicarious liability would apply. Notwithstanding the foregoing, there also is no evidence that Defendant drafted, sent, or had any knowledge of the Richardson Plowden letter. Therefore, this Court must rule that Defendant is not vicariously liable for its attorneys' conduct and that Defendant is entitled to judgment on the pleadings.

**II.     If this Court finds that Defendant is vicariously liable for its attorneys' conduct, Plaintiff's claims must fail because the letter did not violate the FDCPA.**

    **A.     The Richardson Plowden letter is analyzed using the "least sophisticated consumer" standard.[4]**

In *U.S. v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996), the Fourth Circuit adopted the "least sophisticated consumer" standard for analyzing communications under the FDCPA. A communication is deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Campuzano-Burgos*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008)). In order to give effect to the Act's intent to "protect[ ] the gullible as well as the shrewd," *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)), courts have analyzed the statutory requirements "from the perspective of the least sophisticated debtor." *Rosenau*, 539 F.3d at 221 (quoting *Brown*, 464 F.3d at 454). Although the "least sophisticated debtor" standard is a low standard, it "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *Clomon,* 988 F.2d at 1319).

    **B.     The Richardson Plowden letter does not violate 15 U.S.C. §§ 1692e(10) or 1692g.**

Plaintiff alleges that the letter sent to him by Richardson Plowden on behalf of Defendant violated 15 U.S.C. §§ 1692e(10) and 1692g because it contained language that overshadowed and contradicted the notice of disclosure required by the FDCPA. Specifically, Plaintiff points to the following language:

---

[4] Defendant notes that if the Court determines that Richardson Plowden is not a "debt collector," then there is no need to engage in further analysis because the FDCPA and the "least sophisticated consumer" standard do not apply.

> Failure to resolve the outstanding balance within 30 days may result in Atlantic Credit & Finance, Inc. seeking its legal remedies.
>
> This notice should not be construed as a thirty (30) day grace period. Creditor may pursue collection efforts immediately and not wait thirty (30) days.

*See* Complaint, ¶¶ 10, 11. Plaintiff argues that this language and the Richardson Plowden letter as a whole 1) fail to advise the consumer that if he disputes the debt, collection of the debt will cease; 2) cause the consumer to waive his right to dispute the debt because the consumer would believe that he can still be sued prior to the debt being verified even if he disputes it; and 3) overshadow the consumer's right to dispute the debt by Defendant conveying its right to pursue collection efforts and not wait 30 days. *Id.* at ¶¶ 19-21.[5] All of these claims are without merit because the Richardson Plowden letter clearly informed Plaintiff of his rights under the FDCPA and did not overshadow his right to dispute the debt.

The FDCPA does not require a debt collector to inform the debtor that collection activity will cease if he disputes the debt. Thus, Plaintiff's first argument must fail. In sending a written notice like the Richardson Plowden letter, the FDCPA requires that it include the following information:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

---

[5] Plaintiff's Motion accurately states that a debt collector may pursue collection efforts during the 30-day validation period, including filing suit. *See* Plaintiff's Motion (Doc. 27-1), pp. 12-14.

15 U.S.C. § 1692g(a).  The Richardson Plowden letter contained all of this information.  *See* Complaint, Exhibit A.  Furthermore, the Fifth Circuit has stated that "there is no statutory requirement that collectors inform debtors that collection activity will stop pending the collectors [sic] response to the debtor's request for additional information on the debt or the original creditor."  *Peter v. GC Services L.P.*, 310 F.3d 344, 348, fn. 3 (5th Cir. 2002); *see also McCormick v. Wells Fargo Bank*, 640 F. Supp. 2d 795, 800-01 (S.D.W.Va. 2009) (agreeing with *Peter*).  As such, Plaintiff's first argument is without merit and cannot serve as a basis for the alleged violations contained in the Richardson Plowden letter because there is no requirement to inform the debtor that collection activity will cease if he disputes the debt.

Plaintiff's second and third arguments are equally without merit because the Richardson Plowden letter clearly states Plaintiff's right to dispute the debt, does not emphasize that resolution of the account is more important than his right to dispute the debt, and simply informs the Plaintiff of the creditor's rights.

The Richardson Plowden letter does not create an artificial deadline shorter than 30 days within which to pay the debt.  The letter's statement, "[f]ailure to resolve the outstanding balance within 30 days may result in ATLANTIC CREDIT & FINANCE INC. seeking its legal remedies[,]" simply encourages Plaintiff to pay the account and informs Plaintiff that Defendant may seek legal remedies if the account is not paid within that time period.  The same is true with the statement that, "This notice should not be construed as a thirty (30) day grace period.  Creditor may pursue collection efforts immediately and not wait thirty (30) days."  These statements are consistent with other courts which have held that language requiring immediate payment did not overshadow the debtor's validation rights.  *See Higgins v. Capitol Credit Servs., Inc.,* 762 F.Supp. 1128, 1135 (D.Del.1991) (finding that language in the defendant's collection

6

notice stating that the plaintiff's "Account Must Be Settled Now" did not overshadow the plaintiff's validation rights which were articulated on the reverse side and "merely encourage[d] payment of the debt"); *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 91-92 (2d Cir. 2008) (finding that a letter stating, "If your payment or notice of dispute is not received in this office within 30 days, we shall recommend further action be taken against you to collect this outstanding balance," did not overshadow or contradict the collector's notice that the consumer had the right to require verification of debt since least sophisticated consumer would understand that consumer had option to submit notice of dispute within 30 days, rather than pay claimed sum within 30 days).

*Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572 (7th Cir. 2004), rehearing and rehearing en banc denied, presents a set of facts similar to this case. The letter at issue in *Taylor* contained a sentence with a telephone number that the debtor could call "to resolve [the] account," followed by the statement, "Act now to satisfy this debt." *Id.* at 575. Taylor argued that this overshadowed the debtor's entitlement to a 30-day period within which to dispute the debt, which the court discounted since that right was expressed in the next paragraph of the letter. *Id.* The court stated that:

> "Act now to satisfy your debt" is in the nature of puffing, in the sense of rhetoric designed to create a mood rather than to convey concrete information or misinformation ("Buy Now!" "Best Deal Ever!" "We Will Not Be Undersold!"), as it is perfectly obvious to even the dimmest debtor that the debt collector would *very* much like him to pay the amount demanded straight off, sparing the debt collector any further expense.

*Id.* at 575-76. Ultimately, the court upheld the district court's decision to dismiss the case on the pleadings.

In similar fashion, the Richardson Plowden letter contained a sentence with a telephone number to discuss how the account could be satisfied. This was followed with a request to

7

resolve the account within 30 days, otherwise legal remedies may be pursued. Then, on the reverse side in similar font, size, and color, the letter plainly explained Plaintiff's right to dispute the debt. Plaintiff's options are clear – he can either choose to pay the account or he can choose to dispute it. Nevertheless, as the court pointed out in *Taylor*, even the least sophisticated consumer would understand that a debt collector would want the amount paid sooner than later without having to incur further expense to collect the account. The language in the Richardson Plowden letter neither emphasizes one option over the other nor does it suggest that Plaintiff forego his right to dispute the account in favor of paying the account. Plaintiff's interpretation of the Richardson Plowden letter is the type of bizarre or idiosyncratic interpretation of a collection notice against which the least sophisticated consumer standard shields debt collectors. Accordingly, this Court should deny Plaintiff's Motion and find that the Richardson Plowden letter does not violate the FDCPA.

### III.     Conclusion

For the reasons stated herein, this Court should grant Defendant's Motion, deny Plaintiff's Motion, and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

s/Thomas W. Bunch, II
Thomas W. Bunch, II (1597)
ROBINSON, MCFADDEN & MOORE, P.C.
Post Office Box 944
Columbia, South Carolina 29202
Tel: (803) 779-8900
Fax: (803) 252-0724
tbunch@robinsonlaw.com
*Trial Attorney for Defendant Atlantic Credit & Finance, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2012, a copy of the foregoing was filed with Court's CM/ECF system which will provide notice to the following:

Philip Fairbanks, Esq.
PHILIP FAIRBANKS, ESQ., P.C.
1214 King Street
Beaufort, South Carolina 29902
Tel.: (843) 521-1580
Fax: (843) 521-1590
philip@lowcountrybankruptcy.com

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, P.C.
2710 Broadway, 2FL
New York, New York 10025
Tel.: (212) 760-2400
Fax: (917) 512-6132
swexleresq@gmail.com
Attorneys for Plaintiff

        s/Thomas W. Bunch, II
        Thomas W. Bunch, II (1597)
        ROBINSON, MCFADDEN & MOORE, P.C.