# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| JOSEPH NAPARSTEK, *et al.*, ) | CASE NO.: 4:11-cv-02026-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **DEFENDANT ATLANTIC CREDIT &** |
| ) | **FINANCE, INC.'S MEMORANDUM** |
| ATLANTIC CREDIT & FINANCE, INC., ) | **IN OPPOSITION TO PLAINTIFF'S** |
| ) | **MOTION FOR CLASS** |
| Defendant. ) | **CERTIFICATION (DOC. 28)** |
| ) | |

## I.      Introduction and Background

Plaintiff's Motion for Class Certification must be denied. Plaintiff seeks certification of the following class:

> All individuals with South Carolina addresses who have received a letter in the form of Exhibit A on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

*See* Plaintiff's Complaint, ¶24.[1] In this matter, Plaintiff alleges that Atlantic Credit & Finance, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA") because of a letter mailed to him by Defendant's attorneys, Richardson Plowden, P.A. *See* Complaint, generally.

As discussed below, Plaintiff's Motion for Class Certification must be denied. There are significant defects in Plaintiff's proposed class. First, there are no class members. Second, there

---

[1] Defendant notes that although the Complaint identified the class as all individuals "with a United States address," Judge Hellerstein from the United States District Court for the Southern District of New York narrowed the class to individuals with a South Carolina address when he transferred the matter to this Court. Defendant also notes that Plaintiff has changed the definition of the class in his Motion for Class Certification. His Motion identified the class as follows:

> All natural persons with South Carolina addresses who *were sent a letter in the form of Exhibit A to the complaint herein showing the creditor as Atlantic* on or after January 21, 2010 and on or before February 11, 2011.

*See* Plaintiff's Motion for Class Certification, p. 1 (emphasis added). The distinction between individuals who *received* a letter versus those who were *sent* a letter is significant because it will require an individualized determination of whether each putative class member received a letter in the form of Exhibit A.

1

is no commonality or typicality under Rule 23(a). And, third, a class action is not superior to individual actions because a mini-trial would be required to determine whether each putative class member belongs to the class.

## II. Standard of Review

Federal Rule of Civil Procedure 23 "states that '[a] class action may be maintained' if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *See Stillmock, et. al., v. Weis Markets, Inc.*, 2010 WL 2621041 (4th Cir. 2010) citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, --- U.S. ----, ----, 130 S.Ct. 1431, 1437, 176 L.Ed.2d 311 (2010) (quoting Fed.R.Civ.P. 23).

The party that moves for class certification has the burden of proof under Rule 23. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006). This "Court cannot rely on conclusory allegations which parrot the provisions of Rule 23 to support certification." *Brooks v. Southern Bell Telephone and Telegraph Co.*, 133 F.R.D. 54, 56 (S.D. Fla. 1990) citing *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975). Although as a general rule the particular merits of a plaintiff's claims are not issues to be considered when ruling on class certification, "the nature of Plaintiff's claims is directly relevant to a determination of whether the matters in controversy are **primarily individual in character** or are susceptible to proof in a class action." *Id.* (emphasis added) (citations omitted). *See also Newton v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168 (3d Cir. 2001).

Further, "evidence relevant to the 'commonality' requirement is often intertwined with the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 n. 11 (11th Cir. 1992) (citation omitted); *see also, General Tel. Co. of the Southwest v. Falcon*, 457

U.S. 147, 160 (1982) (noting that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 73 (D.N.J. 1993) (noting that "a court may analyze the essential elements of the substantive claims in order to evaluate whether the requirements of Rule 23 have been met," and also that "[c]ourts must look beyond the bald allegations in the Complaint to determine whether Plaintiff has satisfied the requirements of Rule 23.") (citations omitted).

The party seeking class certification bears the burden of proving by a preponderance of the legal evidence the four prerequisites of Rule 23(a). *Thorn*, 445 F.3d at 321. A class action cannot be certified unless "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Falcon*, 457 U.S. at 161.

In addition to satisfying <u>all</u> the elements of Rule 23(a), the moving party must also demonstrate that the action falls within one of the three categories of Rule 23(b). *See e.g., Falcon*, 457 U.S. at 161. While the requirements of Rule 23(a) are mandated by constitutional due process considerations, the requirements of Rule 23(b) "are designed to test whether…from a practical standpoint, there are any particularly compelling circumstances which make representative litigation appropriate." *Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 73 n. 15 (citations omitted). The present case does not satisfy all elements of Rule 23(a) or Rule 23(b)(3). Plaintiff has simply failed to satisfy his burden of demonstrating by a preponderance of the evidence that this case is maintainable as a class action.

### III.     There are no class members

Defendant did not mail the letter attached as Exhibit A to the Complaint to Plaintiff or any individuals in the state of South Carolina. *See* Complaint, Exhibit A; Answer, ¶30; *see also* Defendant's Motion for Judgment on the Pleadings, generally. Furthermore, there is no evidence

that Defendant had knowledge of or consented to the content and form of the letter. *See* Complaint, Exhibit A; Answer, ¶30; *see also* Defendant's Motion for Judgment on the Pleadings, generally. Plaintiff makes this conclusory allegation without any factual support. *See* Complaint, ¶14. Instead, the letter was prepared by and mailed to Plaintiff by Defendant's attorneys, Richardson Plowden, P.A. *Id.* at Exhibit A; Answer, ¶30; *see also* Defendant's Motion for Judgment on the Pleadings, generally. Plaintiff acknowledges this in his Motion for Class Certification. *See* Plaintiff's Motion for Class Certification, ¶1. Thus, there are no class members.

Plaintiff has the burden to show the existence of an identifiable class. *Thorn*, 445 F.3d at 321 citing *Windham v. Am. Brands*, *Inc.,* 565 F.2d 59, 65 n. 6 (4th Cir. 1977) (en banc) ("It is well-settled in this jurisdiction that the proponent of class certification has the burden of establishing the right to such certification under Rule 23."). In this case, Plaintiff has not satisfied his burden. To the contrary, the evidence shows that Defendant did not mail a letter in the form of Exhibit A to any individual from South Carolina. Furthermore, the class cannot be readily identified because there is no evidence of the putative class members who *received* the letters. Neither Plaintiff nor Defendant possesses information showing who received the letters because Defendant has no record of letters that were returned to the sender since Defendant did not mail the letters. That information is held by Richardson Plowden, P.A., and Plaintiff has made no attempt to find that information and submit it to this Court. Plaintiff simply has not satisfied his burden.[2]

---

[2] Plaintiff makes a half-hearted attempt to identify the number of putative class members based upon "South Carolina State Court records [that] reveal that there are at least 200 class members." *See* Plaintiff's Motion for Class Certification, ¶14. Yet, the allegation is nothing more than the result of unwarranted speculation because the records are not attached to the Motion. Furthermore, and in spite of the claim made by Plaintiff's counsel, undersigned counsel has never confirmed that the letter at issue in this case has been used in over 200 accounts in South Carolina. Undersigned counsel does not possess that information.

## IV.     There is no commonality or typicality under Rule 23(a)

Plaintiff incorrectly alleges that there are common questions of law and fact "based on the use by the defendant of a standard collection letter." *See* Plaintiff's Motion for Class Certification, ¶21. There is no basis for that assertion. The facts in evidence show that Defendant did not receive a letter from Defendant. Instead, the evidence shows that Plaintiff received a letter from Richardson Plowden, P.A. Thus, Plaintiff has submitted no evidence showing that Exhibit A is a "standard collection letter" used by Defendant and that Defendant contacted him regarding his account. As such, there are no common questions of law and fact based on conduct attributable to Defendant.

Rule 23(a) provides the prerequisites to a class action. It provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if:

(1)   The class is so numerous that joinder of all members is impracticable;
(2)   There are questions of law or fact common to the class;
(3)   The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)   The representative parties will fairly and adequately protect the interests of the class.

*See* Fed.R.Civ.P. 23(a). In the present case, Plaintiff cannot satisfy the commonality or typicality elements.

The "commonality" element of Rule 23(a)(2) requires "questions of law or fact common to the class." It is not every common question that will suffice. *Stephenson v. Bell Atlantic Corp.*, 177 F.R.D. 279, 286 (D.N.J.,1997); *Lott v. Westinghouse Savannah River Co., Inc.*, 200 F.R.D. 539, 550 (D.S.C., 2000); *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc), *cert. denied*, 524 U.S. 923, 118 S.Ct. 2312 (1998). What this Court is looking for is a common issue the resolution of which will advance the litigation. *Id.* The same theory of recovery does not mean that legal or factual commonality exists among the proposed class members. *Liberty Lincoln Mercury, Inc.,* 149 F.R.D. at 75.

> [H]ighly specific factual and legal determinations are not consistent with the commonality requirement of a class action and, indeed, undercut the purpose of the class action procedure. When the resolution of a common legal issue is dependent upon factual determinations that will be different for each purported class plaintiff . . . courts have consistently refused to find commonality and have declined to certify a class action.

*Id.* The representative plaintiff cannot establish commonality when the court must investigate each putative member's individual claim. *Ross-Randolph v. Allstate Ins. Co.*, 2001 WL 36042162, *7 (D.Md. May 11, 2001). The commonality requirement ensures that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class. *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998).

To satisfy the typicality requirement, the claims or defenses of the representative party must be typical of the claims or defenses of the class. *See* Rule 23(a)(3). Although the "commonality" and "typicality" requirements tend to merge, the typicality element provides that when proof of the representatives' claims would not necessarily prove all the proposed class members claims, the representatives' claims are not "typical" of the proposed members' claims. *See Falcon*, 457 U.S. at 160. The requirement that the claims or defenses of the class representatives be typical of the claims or defenses of the class "goes to the heart of a representative parties' ability to represent a class." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006).

In the case at bar, the proposed definition will require individualized determinations of whether each putative class member received a letter in the form of Exhibit A. This presents several problems. First, Defendant did not mail the letter to Plaintiff or any other individuals with South Carolina addresses. Second, Defendant does not possess the information to identify putative class members because it is possessed by Richardson Plowden, P.A. Thus, Defendant

cannot simply review its records to determine who received a letter in the form of Exhibit A. Third, since Plaintiff's definition involves individuals who *received* a letter in the form of Exhibit A, assuming Defendant had access to its attorneys' records, Defendant would not be able to determine whether the letter generated and mailed by its attorneys was actually received by a putative class member unless each person was located and asked if he or she received such a letter.[3]  Simultaneous to this inquiry, a determination would have to be made whether each putative class member was a "consumer" under the FDCPA – which is one of the common questions raised in Plaintiff's Motion. *See* Plaintiff's Motion for Class Certification, ¶21. This determination can only be made after inquiring of each individual as to the nature and purpose of his or her use of the account. This Court would have to conduct a separate mini-trial for each putative class member to determine whether he or she was a "consumer" and whether he or she received the letter in order to determine if they share a similar claim to Plaintiff. If they never received the letter and are not a "consumer," then they do not share the same claim as Plaintiff. In other words, although there may be a common question, i.e. whether the Richardson Plowden letter violated the FDCPA, there are necessary and underlying individual factual determinations which must be resolved as and amongst each putative class member before the Court could address the liability issue. Such an undertaking would place a significant burden on the Court. By contrast, prosecuting this case on an individual basis would be relatively simple to litigate. Thus, Plaintiff's claim may not be assumed to be common or typical of the putative class members.

---

[3] Plaintiff's attempt to expand the class definition to all individuals who were *sent* a letter in the form of Exhibit A will also unfairly and unnecessarily impose liability for those individuals who were never aware of their claim having never received the letter.

V.  **Plaintiff is not a member of the alleged class**

Plaintiff is not a member of the alleged class. Again, Plaintiff seeks certification of the following class:

> All individuals with South Carolina addresses who have received a letter in the form of Exhibit A on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

*See* Plaintiff's Complaint, ¶24. Defendant did not participate in the drafting or sending of Exhibit A and had no knowledge of its contents. *See* Answer, ¶30. Thus, Plaintiff did not receive Exhibit A from Defendant and he is not a member of the class he seeks to represent.

Rule 23(a)(4) imposes an obligation that the class representative fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a)(4). Clearly, as there is no class based on conduct by the Defendant, Plaintiff is not a member of the class that he seeks to represent and he cannot fairly and adequately protect the interests of the proposed class. Accordingly, Plaintiff has failed to meet the requirements under Rule 23(a) and his Motion must be denied.

V.  **Plaintiff Cannot Meet the Requirements of Fed. R. Civ. P. 23(b).**

Even if Plaintiff satisfied all four elements of Rule 23(a), he must also demonstrate that the action falls within one of the three categories of Rule 23(b). *See, e.g. Falcon*, 457 U.S. at 161. Plaintiff seeks certification under Rule 23(b)(3). Although it is not necessary to examine 23(b), as Plaintiff failed to satisfy the requirements of 23(a), an analysis of 23(b) shows that the proposed class cannot be certified.

Certification of a class under Rule 23(b)(3) is inappropriate in this case. To certify a class under Rule 23(b)(3), this Court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Here, the opposite is true. Individual lawsuits would be far superior.

8

In the present case, individual questions of fact and law predominate over common questions.[4]  Again, in order to determine whether each member has a viable claim, this Court will be required to determine whether each putative class member received a letter in the form of Exhibit A and whether he or she is a "consumer" under the FDCPA.  That would require a lengthy and detailed analysis for each member's claim.  Moreover, class certification would lead to confusion as to class membership since Defendant never mailed out a letter in the form of Exhibit A.  Consequently, a class action is not superior to individual actions for the fair and equitable adjudication of the putative class members' claims.  As a result, the proposed class is not certifiable under Fed. R. Civ. P. 23(b)(3).

## VI.    Conclusion

As discussed above, there are numerous reasons to deny Plaintiff's Motion for Class Certification.  The proposed class simply does not meet the rigorous requirements of Rule 23.  Accordingly, this Court must deny Plaintiff's Motion.

Respectfully submitted,

s/Thomas W. Bunch, II
Thomas W. Bunch, II (1597)
ROBINSON, MCFADDEN & MOORE, P.C.
Post Office Box 944
Columbia, South Carolina 29202
Tel: (803) 779-8900
Fax: (803) 252-0724
tbunch@robinsonlaw.com
*Trial Attorney for Defendant Atlantic Credit & Finance, Inc.*

---

[4] Counsel submits that the path the litigation in this matter has taken puts the proverbial cart before the horse at this stage of the case.  Before expending time, money, and resources on making such determinations related to class certification, the Court could avoid the necessity of all of this by making a decision on the parties' pending Motions for Judgment on the Pleadings.