UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

-----------------------------------------------------------X

JOSEPH Y. NAPARSTEK, on behalf of himself
and a class of similarly situated individuals,

        Plaintiff,                    Case No.: 11-cv-2026 (RBH)

    v.

ATLANTIC CREDIT & FINANCE, INC.,

        Defendant.
-----------------------------------------------------------X

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

    NOW COMES the Plaintiff, Joseph Naparstek, by and through counsel, and moves this Court for its Order compelling the Defendant Atlantic Credit & Finance, Inc. to respond to certain requests for production of documents propounded by the Plaintiff and states in support thereof as follows:

    1. Plaintiff makes this motion in order to fully refute the premise of Defendant's motion for judgment on the pleadings-- that it is not vicariously liable for the acts of its attorneys. Plaintiff has comprehensively responded to Atlantic's motion, but believes additional information will entirely belie Atlantic's claims.

    2. This action involves alleged violations of the Fair Debt Collection Practices Act.

    3. The collection letter which is the subject of this lawsuit was mailed to Plaintiff by Defendant's law firm.

    4. Defendant claims in its motion for judgment on the pleadings that it is not vicariously for the conduct of its attorneys.

    5. Although Atlantic claims it is not responsible for the FDCPA violations of its attorneys, it admits that "it refers accounts [to its attorneys] for the purpose of obtaining repayment of the account or potentially filing a lawsuit against the person(s) obligated to pay the account." (<u>Answer to Interrogatory</u>

#8- "Describe the relationship that Atlantic has with the law offices of Richardson, Plowden & Robinson, P.A.").

6. The Plaintiff served Interrogatories and Requests for Production of Documents on the Defendant on March 1, 2012.

7. On April 5, 2012, Atlantic filed a motion to stay discovery, which Plaintiff opposed in a response filed on April 6, 2012. The Court has not ruled on that motion.

8. The Defendant responded to the Requests for Production of Documents on or about April 15, 2012, with incomplete responses based on generic objections. Thereafter, despite informal attempts to secure additional information, Defendant has been steadfast in its refusal to provide even limited responses.

9. Request for production #9 asks for "All agreement between Atlantic Credit & Finance Inc. and Richardson Plowden & Robinson, PA authorizing Richardson Plowden & Robinson, PA to conduct collection activities with respect to Plaintiff on behalf of Atlantic Credit & Finance, Inc."

The Defendant responded: "Objection. This request is overbroad and unduly burdensome. Furthermore, this request is not reasonably calculated to lead to the discovery of admissible evidence or relevant to advance any claims by Plaintiff as Defendant's contractual relationships with other entities is not needed to support Plaintiff's claims in this lawsuit. The request also seeks information protected by the attorney/client privilege and seeks privileged, confidential and proprietary information regarding agreements made with others."

10. Request for production #12 asks for "All agreements, contracts, retainers or similar documents between the Defendant Atlantic Credit & Finance and the law firm of Richardson Plowden Robinson PA.

The Defendant responded: "Objection. This request is overbroad and unduly burdensome. Furthermore, this request is not reasonably calculated to lead to the discovery of admissible evidence or relevant to advance any claims by Plaintiff as Defendant's contractual relationships with other entities is not needed to support Plaintiff's claims in this lawsuit. The request also seeks information protected by the attorney/client privilege and seeks privileged, confidential and proprietary information regarding agreements made with others."

11. If either request is overly broad, the cure is to provide only the document relating specifically to Plaintiff's account, which is clearly both admissible and relevant. Furthermore, Defendant has put the issue of its relationship with its attorneys at issue by its claim that it is not liable for their actions. Accordingly, Plaintiff is entitled to evidence going to that relationship.

12. On April 25, 2012, counsel for the Plaintiff sent the Defendant's counsel a letter by first class mail and email specifically alluding to the document requests set forth above. This letter is incorporated herein by reference, and attached hereto as Exhibit A. Atlantic's counsel responded with an automatic reply saying he would return to his office on May 2, 2012.

13. On May 3rd 2012, Defendant responded by email "Please allow me the opportunity to discuss your letter with my client. I will get back with you by May 9."

14. Defendant did not respond by May 9, as promised.

15. On May 14, 2012, after numerous emails and a phone call alerting Atlantic's counsel that the deadline to respond had expired, Atlantic's counsel wrote in an email "my client has decided not to provide any further discovery responses until the Court rules on the pending motions for a stay of discovery and judgment on the pleadings." The email is attached as Exhibit B.

16. Defendant's counsel was informed that the response was not acceptable and, pursuant to the Court's Scheduling Order, Plaintiff's counsel requested that Defendant's counsel participate in a conference call with Your Honor.

17. Defendant's counsel did not respond to Plaintiff's counsel's request. Therefore Plaintiff's counsel called Chambers to request and set up a time for a conference call. The purpose of the conference call was to determine if the discovery dispute could be resolved without the need to file this motion.

18. The conference call was held on May 22, 2012, at which time Plaintiff's counsel were given leave to file a motion to compel.

19. The entire foundation of Defendant's motion is built upon Defendant's relationship (or lack thereof) with its law firm, Richardson Plowden & Robinson, PA. Plaintiff believes there is more than enough evidence of record to support Defendant's vicarious liability for the FDCPA violations of its attorneys based on the response to Interrogatory #8 as indicated above, in which Atlantic admits that it referred accounts to Richardson Plowden & Robinson PA for collection and a possible lawsuit.

20. Nevertheless, Plaintiff believes that a proper response to the above specific and narrowly tailored requests for production will produce information which will entirely contradict Defendant's position and show the extent of the relationship between Atlantic and its collection law firm.

21. Therefore, the Plaintiff moves to compel Responses to the above Requests for Production of Documents (#s 9 and 12). Plaintiff believes that these Document Requests will remove any doubt about Atlantic's claim that it is not vicariously liable for its attorneys' FDCPA violation.

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Order the Defendant to produce the documents responsive to Plaintiff's request for production numbers 9 and 12 on or before June 23, 2012;

B. Assess against the Defendant the Plaintiff's attorney's fees, costs and expenses in the amount of $1,500 for preparing and filing this Motion, as well as the multiple e-mails and other communications required prior to this motion; and

C. Order such other and further relief as is just and equitable.

Respectfully submitted,

/s/ Philip Fairbanks
Philip Fairbanks  DCID # 756
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
Telefax: (843) 521-1590

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2FL
New York, New York 10025
Telephone: (212) 760-2400
Telefax: (917) 512-6132 (fax)
Email: swexleresq@gmail.com
Attorneys for the Plaintiff

### CERTIFICATION- CONFERENCE AND SCHEDULING ORDER #8

This will certify that counsel for Plaintiff have consulted and attempted to resolve the matters contained within this motion prior to filing it with the Court by conferring with opposing counsel and attempting in good faith to resolve the matters with which it is concerned, but no resolution was possible. In addition, counsel have requested and participated in a telephone conference with Judge Harwell in an attempt to resolve the matter informally.

/s/ Philip Fairbanks

### CERTIFICATE OF SERVICE

I, Philip Fairbanks, hereby certify that a true copy of the foregoing:

**MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

has been served on the defendant by using the US District Court's CM/ECF system, which sent notification of such filing this 31[th] day of May, 2012, to the following:

Thomas W. Bunch II, Esq.
Robinson Mcfadden
Post Office Box 944
Columbia, SC 29202
Telefax: (803) 744-1545
tbunch@robinsonlaw.com

/s/ Philip Fairbanks