# EXHIBIT A

## Letter from Plaintiff's Counsel to Defendant's Counsel
## April 25, 2012

The Law Offices of Shimshon Wexler, PC<br>
2710 Broadway, 2FL<br>
New York, New York 10025<br>
Tel (212)760-2400<br>
Fax (917)512-6132<br>
swexler@collectorabuselaw.com

April 25, 2012

VIA REGULAR MAIL
Thomas W. Bunch, II, Esq.
Post Office Box 944
Columbia, South Carolina 29202

RE:     Naparstek v Atlantic Credit & Finance, Inc.


Dear Mr. Bunch:

Your discovery responses are inadequate. Please provide the following information within seven (7) business days:

**1) Atlantic Credit & Finance Inc.'s net worth.**

> *See* Fed. R. Civ. P. 23(b)(3). *Miller v. Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger,* 2011 WL 6105033, 2011 U.S. Dist. LEXIS 140615 (E.D.N.Y. December 07, 2011) ("Plaintiff is entitled to discovery regarding this Defendant's net worth as this figure is 'critical to a determination of potential damages.'); *Trevino v. ABC Am., Inc.,* 232 F.R.D. 612 (N.D.Cal. 2006) (holding that a defendants' net worth is useful for determining whether an FDCPA case is appropriate for class certification); *Bode v. Encore Receivable Management, Inc.,* 2006 WL 801017, at *2, 2006 U.S. Dist. LEXIS 21954, (E.D. Wis. March 29, 2006) ("A party need not have a class certified in order to justify the relevance of a request for a defendant to state its net worth in an FDCPA action.").

**2) The number of letters that were sent out by Richardson Plowden on behalf of Atlantic Credit & Finance, Inc. during the class period.**

> *See Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 613 (N.D.Cal. 2006) (Information relating to the number of persons who were sent Exhibit E in an attempt to collect a debt under $500, and the number of such persons against whom litigation was commenced is directly relevant to plaintiffs' claims.).

Because you claim that Atlantic is not vicariously liable for the conduct of its attorney, we would like to determine the nature of the relationship between Atlantic and Richardson Plowden. Accordingly, please provide responses to the following requests:

Thomas W. Bunch, II, Esq.
April 25, 2012
Page Two


**3) The name and address of any South Carolinian resident who was sent a letter by Richardson Plowden similar to the one sent to Naparstek on behalf of Atlantic Credit & Finance, Inc. during the class period;**

**4) All contracts between Atlantic and Richardson Plowden;**

**5) All correspondence between Atlantic and Richardson Plowden;**

**6) All correspondence between or among Atlantic Credit & Finance, Inc. relating to its relationship with Richardson Plowden.**

If the information is not provided within seven (7) business days we will request a telephone conference with Judge Harwell. As you are aware, the conference and scheduling order for this case stated:

> 8. Discovery shall be completed no later than September 12, 2012. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally.

Thank you for your attention to this matter.

Sincerely,

Shimshon Wexler